WITTICHEN *et al. v.* MILLER *et al.*

(*Knoxville*, September Term, 1942.)

Opinion filed December 5, 1942.

George P. Douglass, of Memphis, for complainants.

Granville Farrer, of Memphis, for defendants.

Mr. Justice DeHaven delivered the opinion of the Court.

F. O. Wittichen and the Clinton Lumber Company sought by their bill herein to subject a fund of $1,333.22 in the hands of H. H. Dunkman, Trustee, to the satisfaction in part of mechanics' and materialmen's liens in their favor for material furnished by them to the defendant Windler L. Miller and used in the construction of two houses on two lots located in the city of Memphis.

Defendants, Windler L. Miller and wife, Emma Miller, acquired title to the lots in question, as tenants by the entireties. On February 3, 1941, Miller and wife executed a trust deed on each of the two lots to H. H. Dunkman, Trustee, for the purpose of securing payment of a loan made them by the Leader Federal Loan Association of Memphis, the proceeds of which loan was used, in part, to finance the construction of improvements upon the two lots. Default having been made in the payment of the secured indebtedness, H. H. Dunkman, Trustee, proceeded to foreclose the two trust deeds and sold the two lots for $3,700 and after satisfying the debts and obligations, there was left in his hands a net balance of $1,333.22.

Complainant, F. O. Wittichen, under special contract, of date February 14, 1941, entered into a verbal contract with defendant, Windler L. Miller, whom it is averred was acting for and in behalf of himself and wife, sold and furnished to Windler L. Miller, certain building materials which were used in the construction of improvements upon said two lots. That the balance due this complainant on lot 1 is $176.17 and on lot 2 is $304.35.

Complainant, Clinton Lumber Company, under special contract, of date February 14, 1941, with defendant, Windler L. Miller, whom it is averred was acting for himself and wife, furnished him certain building materials to be used in the construction of improvements on said two lots; that the balance due this complainant on lot 1 is $682.65, and on lot 2 the sum of $916.51.

Complainants allege in their bill that defendant, Windler L. Miller was engaged in the business of buying unimproved lots and constructing thereon houses for sale; that it was his custom to take title to lots so purchased in the name of himself and wife and to negotiate a loan thereon with which to finance the construction of such improvements, and then purchase on credit, building material from various dealers with which to construct such improvements, which when completed he offered for sale.

Mr. Miller, by answer, admits he was engaged in the business above mentioned, but says, "On some few occasions title was so taken (in himself and wife) but he doubts if his wife was ever aware of the fact and this is particularly true of title to the property mentioned in the bill." He avers that the two lots were purchased with his funds and not those of his wife; that he handled all transactions connected with the purchase of the lots, the placing of the loans thereon, the construction of im-

provements thereon; that "in all of his dealings with said property he was acting solely in his own behalf and not as agent for his wife whom he denies acquiesced in or participated in the purchase of building materials for or the construction of improvements on said realty." He avers that credit was extended by complainants to him alone and not to his wife.

Mrs. Miller, by answer, denied that Mr. Miller purchased the material from complainants as her agent and averred that her interest in and to the two lots, or the proceeds derived from the sale thereof in the hands of Dunkman, Trustee, cannot be subjected to the satisfaction of any debts of Mr. Miller; that she is advised that she is entitled to the homestead exemptions allowed by law in the lots in question and in the surplus proceeds from their sale, and which exemption she claims.

On final hearing, the chancellor found and decreed that Mr. and Mrs. Miller own the surplus proceeds derived from the foreclosure sale as tenants by the entireties; that complainants failed to show that Mrs. Miller knew of the contracts of the complainants with Mr. Miller to furnish the materials for the construction of improvements upon the lots in question and did not acquiesce in or participate in the making of such improvements; that Mr. Miller was not her agent within the meaning of Code, section 7933; that credit was extended by the complainants solely to Mr. Miller "who was a builder and with whom the complainants had had numerous transactions and there is no proof of any agency on his part to bind Emma B. Miller for the materials furnished." That complainants are entitled to no relief against Mrs. Miller, and as to her the bill be dismissed with prejudice. Judgment in favor of complainants for $2,279.68 was pronounced against Mr. Miller. It was further decreed as

follows: "The defendant Emma B. Miller is entitled to a homestead exemption of $1000 in the surplus foreclosure proceeds in the hands of the garnishee defendant H. H. Dunkman, Trustee, and same is accordingly decreed her and payment of said sum to her by said defendant is ordered and directed subject to the lien of her counsel hereinafter fixed and decreed."

On complainants' appeal, the Court of Appeals reversed the decree of the chancellor, and a decree was entered in favor of complainants, sustaining their claim to a lien on the fund of $1333.22 in the hands of Dunkman, Trustee, and awarding them a personal decree against Windler L. Miller to the amount of their claims, and disallowing the claim of Mrs. Miller for a homestead exemption in said fund and adjudging the costs against Mr. and Mrs. Miller.

Mrs. Miller has filed her petition for *certiorari* in this court and assigned errors.

Neither Mr. nor Mrs. Miller testified in the case.

Code, section 7933, is as follows: "When the contract for improving real property is made with a husband or a wife who is not separated and living apart from his or her spouse, and the property is owned by the other or by both, the husband or wife who contracts shall be deemed to be the agent of the other unless such other shall within ten days after learning of the contract give the contractor written notice of his or her objection thereto."

We think Code, section 7933, is applicable in the instant case. It is admitted that Mr. Miller was engaged in the business of buying vacant lots and procuring loans thereon with which to finance the construction of improvements. While Mr. Miller denies that it was his custom to take title to vacant lots in the name of

himself and wife, he admits that on some few occasions title was so taken, ''but he doubts if his wife was ever aware of the fact and this is particularly true of title to the property mentioned in the bill.'' Mrs. Miller admits in her answer the allegations of the bill with respect to the character of business conducted by Mr. Miller, but denies that Mr. Miller made it a custom to take title to vacate lots in their joint names. She does not deny in her answer that she had knowledge that the title to the two lots in question was taken in their joint names. She joined in the deeds of trust given to secure loans, the proceeds of which were, in part, to be used in financing the construction of improvements on the lots. Mrs. Miller does not deny in her answer that she knew that Mr. Miller was placing improvements on the two lots. From her knowledge of the character of her husband's business and her participation in the execution of the trust deeds given to secure funds with which to finance the construction of improvements on the lots, it may be inferred that she did know of the erection of the improvements in which complainants' materials were used.

We think the admissions made by Mr. and Mrs. Miller in their respective answers, and the reasonable inferences to be drawn therefrom, together with their failure to testify in the case are sufficient to render Code, section 7933, applicable and that Mr. Miller must be deemed to be the agent of Mrs. Miller in the erection of the improvements in question. Section 7933 seems to have originated with the Code of 1932. It is a most wholesome statute and covers, and was intended to cover, a situation such as is presented in the instant case.

We concur in the results reached by the Court of Appeals and *certiorari* is, therefore, denied.